

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WAYNE PESEK,           )
                       )
         Plaintiff,    )
                       )
   v.                  )   No.  06 C 1551
                       )
FRANK MARZULLO, RUSSELL)
MARZULLO, RUSSELL MARZULLO,)
Jr., JERRY MARZULLO, MICHAEL)
FELLOWS, CHARLES BAUGH, MICHAEL)
VOKAC, BRIAN MARQUARDT and CITY)
OF BERWYN,             )
                       )
         Defendants.   )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wayne Pesek filed claims under 42 U.S.C. § 1983 and Illinois law against the City of Berwyn, along with a number of individual defendants, for a fight at the Golden Steer Restaurant in Forest Park, Illinois. The individual defendants are Frank Marzullo, Director of Public Safety ("DPS") for the City of Berwyn; Michael Fellows and Michael Vokac, Berwyn police officers; Jerry Marzullo, a Cook County Assistant State's Attorney; Russell Marzullo, Jr. and Brian Marquardt, Berwyn firefighters; and Russell Marzullo, Sr. and Charles Baugh, whose occupations are not listed in the complaint. All of the individual defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). Although Frank

1

Marzullo filed his motion separately, he adopts the remaining defendants' memorandum of law. For the following reasons, defendants' motions are granted in part and denied in part.

I. Legal Standard

In assessing defendants' 12(b)(1) and (6) motions to dismiss, I must accept all well-pleaded facts in the complaint as true. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). I must view the allegations in the light most favorable to the plaintiff. *Id.*

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983 (1996). To survive a motion to dismiss a § 1983 claim, a plaintiff must allege facts which show that the defendant(s) deprived him of a right secured by the Constitution or any law of the United States and that the deprivation of that right resulted from the defendant(s) acting under color of law. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). Non-state actors may be found to act under color of state law when defendants have conspired or acted in concert with state actors to deprive a person of his civil rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

2

II. Discussion

Defendants first argue that the entire complaint fails to sufficiently allege "color of law" or a conspiracy under § 1983. In doing so, they overlook paragraphs 12, 22, 26, 29, 32, 35, 40, 45, 50, 55, 60, 65, 70 of the complaint. Paragraph 12, which alleges "[t]he individual defendants,[1] acting in concert, took plaintiff outside of the Golden Steer, and onto a public way, where they detained plaintiff and severely beat, kicked, punched and stomped on him," is incorporated in every count.[2] The remainder of these paragraphs specifically state, among other things, the acts by defendants "were committed under color of law and within the scope of [their] employment with Berwyn" or "in conspiracy and in concert with state actors." The fact that this incident took place in Forest Park, and not Berwyn, does not defeat these allegations. *See Jimenez v. Herrera*, No. 95 C 1956, 1997 WL 102550, at * 6 (N.D. Ill. Mar. 6, 1997) (off-duty officer outside his jurisdiction could have been acting under color of law); *Davis v. Kirby*, 755 F. Supp. 199, 203 (N.D. Ill. 1990) (same).

---

[1]Paragraph 5 of the complaint defines "individual defendants" as Frank Marzullo, Fellows, Jerry Marzullo, Russell Marzullo and Charles Baugh.

[2]Plaintiff incorporates paragraphs 1-17 in every count of the complaint. Paragraphs 18 and 19, which are part of the "Facts of the Beating" section of the complaint, are not incorporated. This was not addressed by either party (it may well be a typographical error), nor is it dispositive of these motions to dismiss.

Defendants argue these allegations consist of bare legal conclusions unsupported by the facts. This characterization is inconsistent with the language, structure, and substance of the complaint. Furthermore, Fed. R. Civ. P. 8(a) requires only an identification of the basis of jurisdiction and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Lekas*, 405 F.3d at 606. Plaintiff "need not plead facts; he can plead conclusions." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). The conclusions need only provide the defendant with "at least minimal notice of the claim." *Id.* at 154; *see also McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000) (same); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (to plead conspiracy it is enough "merely to indicate the parties, general purpose, and approximate date, so that defendant has notice of what he is charged with").

Defendants do correctly point out, however, that counts XIII and XIV, for Russell Marzullo, Jr. and Marquardt's alleged failure to provide medical attention, do not contain any language stating these individual defendants acted under color of law or in conspiracy with the remaining individual defendants. In his response brief, plaintiff argues that Russell Marzullo, Jr. and Marquardt had a duty to provide plaintiff with medical attention. They cite no legal authority, however, for the proposition that off-duty firefighters, not alleged to be acting under color of law

or in conspiracy with others acting under color of law, have a duty to provide plaintiff with medical care.³ Nor have I been able to locate any such authority. The complaint only identifies these two individual defendants as sworn firefighters and emergency medical officers for the City of Berwyn; it does not allege that they were on-duty at the time of the incident or acting within the scope of their employment. Accordingly, plaintiff has not sufficiently pled a claim against these defendants under § 1983. Counts XIII and XIV are dismissed.

Defendants also move to dismiss counts IX and XII, against Vokac for his alleged failure to protect plaintiff and provide medical attention. These counts allege Vokac was acting under color of law. Under *Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994),

> [a]n officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Id.* at 285. Defendants argue that the complaint does not allege any facts that suggest Vokac witnessed the beating. I disagree.

---

³Plaintiff cites *Ramirez v. City of Chicago*, 82 F. Supp.2d 836 (N.D. Ill. 1999) in arguing firefighters have a duty to provide medical care. *Ramirez* does not address the issue here, however, as it concerned fire department paramedics who were on-duty and dispatched to a scene. *Id.* at 383.

The complaint alleges Vokac was at the restaurant where plaintiff, before being taken outside by some of the defendants, was initially "punched [] several times in the face" and that Vokac did not "come to plaintiff's assistance or take any action to prevent, stop or protect plaintiff from the beating." This sufficiently places this defendant on notice of this claim. Therefore, I deny defendants' motions to dismiss count IX (for failure to protect).

Similarly, count XII concerns Vokac's duty as a police officer to seek medical attention for plaintiff. *See Regaldo v. City of Chicago*, 40 F. Supp.2d 1009, 1015 (N.D. Ill. 1999) (Shadur, J.) (citing *Smallwood v. Renfro*, 708 F. Supp. 182, 187 (N.D. Ill. 1989)). Pesek was allegedly beaten by state officers, and their co-conspirators, while acting under color of law. He was prevented from seeking any form of assistance. Accordingly, he was "in custody" for purposes of *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989). *See Salazar v. City of Chicago*, 940 F.2d 233, 237 (7th Cir. 1991). Furthermore, the complaint sufficiently alleges that Vokac was aware that plaintiff "had been seriously injured as a result of the beating, and was in need of immediate care." (Complaint at ¶ 16.) This sufficiently alleges the elements of this claim. *See id.* at 239. Therefore, I deny defendants' motions to dismiss count XII (for failure to provide medical care).

Finally, because I find the complaint sufficiently states some claims under § 1983, defendants' motions to dismiss the remaining Illinois law claims under Fed. R. Civ. P. 12(b)(1) are denied.

III. Conclusion

For the foregoing reasons, counts XIII, and XIV are dismissed; the remainder of defendants' motions are denied.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: November 2, 2006